FILED

JUL 1 8 2019

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

In the matter of the search of

804 OAK ST
JOHNSON CITY, TN 37601 and surrounding curtilage

Case No. 2:19-mj- 206

## AFFIDAVIT

I, Jedidiah J Hutchison, being duly sworn, depose and say as follows:

### Background of Affiant and Offenses

1. I make this affidavit in support of an application for an anticipatory search warrant for items related to narcotics trafficking 804 OAK ST, JOHNSON CITY TN 37601 (the "target address"). The items to be searched for and seized are described herein and in Attachment B. The triggering event for this search warrant is the successful controlled delivery of a parcel to the above address; a successful delivery is defined as receipt of the parcel by a person at the target address, premises, or its curtilage. The search will lead to evidence, fruits, and instrumentalities of the crimes described below, as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2. I am a Postal Inspector with the United States Postal Inspection Service. I have been employed in this capacity since 2010. I am currently assigned to the United States Postal Inspection Service Office in Chattanooga, Tennessee. I am responsible for investigating crimes involving the United States Postal Service (USPS), its employees, and its customers. These crimes include but are not limited to employee assaults, mail fraud, mail

1

theft, identity theft, and prohibited mailings including child pornography and illegal narcotics.

3. I am a Law Enforcement Officer under the authority of Title 18, United States Code, Section 3061. As such, I am authorized to make arrests without warrant for offenses made in my presence or when I have reasonable grounds to believe the person has committed or is committing a felony against the United States. I am also authorized under this statute to carry firearms and make seizures of property as provided by law.

4. From my training and experience, I know that the United States Postal Service is frequently used to transport illegal narcotics to areas throughout the United States. I am also aware that the United States Postal Service is used to send the proceeds relating to narcotics distribution back to the narcotics source of supply. I also know that the reason drug traffickers use the United States Mail to ship controlled substances and their proceeds is because of the speed and protection afforded the United States Mail.

5. Title 21, United States Code, Section 841 makes it an offense for any person to manufacture, distribute, or possess with intent to manufacture or distribute, a controlled substance. Title 21, United States Code, Section 843(b) makes it an offense for any person knowingly or intentionally to use any communication facility in committing or in causing to facilitate the commission of any act or acts constituting a felony under any provisions of Subchapter I or Subchapter II of the Drug Abuse Prevention and Control Act. Title 21, United States Code, Section 846 makes it an offense to conspire to commit an offense set out in Title 21, Chapter 13, Subchapter I. Title 18, United States Code, Section 1342

makes it illegal to receive mail matter or parcels addressed to fictitious names while carrying on unlawful business.

6. To combat the distribution of illegal narcotics and their proceeds, certain investigative techniques are utilized by Postal Inspectors. What follows is not meant to set forth all exhaustive investigative knowledge of this case or investigative techniques used, but only those facts necessary in order to establish probable cause.

**Probable Cause**

7. As referenced herein, the "Darknet" is a term describing a series of unindexed or hidden networks that are not readily open to public view, including certain web pages requiring a user to access them through an anonymized browsing platform such as Tor. Darknet Marketplaces ("DNMs") are sites requiring such anonymized access, and I know from my training and experience that certain DNMs allow individual users (operating under pseudonyms) to market products, including illicit drugs, for sale.

8. Law enforcement is engaged in an active investigation of a known, large-scale alprazolam dealer ("Vendor 1"),[1] who maintains a virtual "storefront" on various DNMs. Vendor 1 advertises various quantities and kinds of alprazolam for sale on DNMs and appears to use various individuals as "re-shippers" for his/her alprazolam distribution network. I know from my training and experience that alprazolam is a controlled substance in the benzodiazepine class of drugs. Alprazolam is sold and marketed under the tradename "Xanax," among others.

---

1 I have identified Vendor 1, but I am referring to this person as Vendor 1 because providing the actual name and identity of Vendor 1 in this affidavit would jeopardize the on-going investigation and interfere with law

3

9. On or about January 22, 2019, while working in an undercover capacity, I contacted Vendor 1 using Wickr, an electronic application allowing for the transmission of encrypted messages between parties, and requested a free sample of the alprazolam Vendor 1 advertised on a DNM, notionally to test the product he offered. From my training and experience, I know that Wickr is routinely used by Darknet drug distributors to arrange the payment and logistics of drug transactions. I further know that Darknet drug distributors will use Wickr – rather than a DNM's own payment system – to facilitate drug transactions to avoid paying a commission to the DNM on which the product may be advertised.

10. As a result of my inquiry, on or about January 25, 2019, I received two parcels from Vendor 1. One of the two parcels bore the following hand-written return address: Josh Betts, 23 Elm St, Lynn, MA 01902.

11. The parcel referenced above contained 10 pills: five white and five yellow. The pills were consistent with the alprazolam marketed by and described by Vendor 1, and they bore markings consistent with counterfeit Xanax/alprazolam. These pills were sent for qualitative and quantitative analysis to both DEA and Pfizer laboratories for testing.

12. On or about February 19, 2019, I contacted Vendor 1 via Wickr and placed an order for 1,000 white alprazolam pills. I sent him approximately $800 in digital cryptocurrency as payment.

13. On or about February 27, 2019, I received a parcel bearing the hand-written return address of Josh Betts, 23 Elm St, Lynn, MA 01902. The parcel contained a bag of

---

enforcements ability to identify all conspirators in the offenses described below.

white pills weighing approximately 356.8 gross grams. United States Postal Inspection Service along with DEA both have policies regarding the seizure of a large quantity of pills that require agents to weigh pills rather than count them individually. The weight and appearance of the pills was consistent with the 1,000 illicit alprazolam pills I ordered from Vendor 1.

14. On or about Friday July 12, 2019, I placed an order with Vendor 1, again using cryptocurrency as payment. This time, the order was placed on a DNM that I was able to access using an anonymizing web browser.

15. On or about Tuesday, July 16, 2019, using internal USPS databases, I learned that a parcel had been mailed the day prior to the Post Office box that I provided to Vendor 1 as the address to which the alprazolam should be shipped. The Post Office box is an undercover Post Office box opened for the purpose of receiving DNM orders. The parcel bears the return address "Josh Betts, 111 Euclid Ave, Lynn, MA 01902."

16. On or about Wednesday, July 17, 2019, I received the parcel sent to my undercover Post Office box. Inside the parcel was a plastic bag of what appeared to be 250 yellowish in color pills containing the stamp "R039". "R039" is the stamp normally found on 2mg Alprazolam pills.

17. USPS databases further showed that that the parcel's mailing was paid for by cash on July 15, 2019, at 12:30 PM, from a Post Office in Massachusetts. This same cash transaction involved the shipment of multiple additional parcels, as well. One such parcel (the "Target Parcel") was addressed to a recipient in the Eastern District of Tennessee as follows:

18.  FROM:                                TO:

      JOSH BETTS                         ELIOT SHAW
      111 EUCLID AVE                     804 OAK ST
      LYNN, MA 01902                     JOHNSON CITY, TN 37601

19. I know from my training and experience that Darknet drug distributors will collect orders for illicit substances and ship multiple packages containing those substances to various destinations at a given time.

20. I reviewed the shipping information of the ELIOT SHAW parcel and noticed that it was sent in the same type of box as my UC purchase, that is, a USPS Small Flat Rate Box. Both my UC purchase, along with the ELIOT SHAW parcel contain $7.90 in postage. Additionally both packages contain hand-written labels, and based on writing similarity, both appear to have been written by the same person

21. Using public and law enforcement databases, I searched for the recipient "Eliot Shaw" at the address on the Target Parcel. I discovered an individual named "Elliott Shaw" at the listed address. Law enforcement databases indicate that Elliott Shaw was arrested in January 2018 for manufacture of methamphetamine by the Unicoi County Sheriff's Office and in May 2019 "PWISD Counterfeit CS," by Madison County Sheriff's Office among other criminal charges. The disposition of these charges was not listed.

22. I performed a search on a law enforcement database for current residents at 111 Euclid Ave., Lynn, MA and discovered the actual zip code should be "01904" not the listed 01902." Further, while 111 Euclid Ave is a real address in Lynn, Massachusetts, law enforcement and public databases did not affiliate that address with the name "Josh

Betts" (i.e., the listed sender on the Target Parcel and on the past shipments identified above). It is common for narcotics traffickers to use incomplete or erroneous return addresses in order to conceal the identity of the sender. It should further be noted that I was unable to find anyone by the name "Josh Betts" in Lynn, MA.

23. On or about July 18, 2019 the Honorable Dennis H. Inman, United States Magistrate Judge granted a Search Warrant for the parcel described as USPS Mail Parcel identified by tracking # 9505 5121 0431 9196 2368 17 addressed to Elliott Shaw, 804 Oak St, Johnson City, TN 37601. The search warrant bears Case No. 2:19-MJ-205.

24. On July 18, 2019, Inspector Robert Wagner, United States Postal Inspection Service, executed the issued warrant. I observed the execution over an app called Facetime. Upon inspection of the parcel described in paragraph 23, Inspector Wagner discovered approximately two ounces of suspected alprazolam. I observed the suspected drugs. They were located in a plastic bag. The pills were yellowish in color and bore the stamping "R039." This is the same stamping that was contained on the drugs that I had purchased from Vendor 1 as described in paragraph 16, above.

25. According to law enforcement databases that I have reviewed, Elliott Shaw, the addressee of the parcel lists the target address on his Tennessee Driver's License.

26. Law Enforcement Officers intend to conduct a "Controlled Delivery" of the parcel described in paragraph 23 above or a similar one involving an undercover agent. Prior to the controlled delivery, law enforcement officers may remove the suspected narcotics from the package. If officers remove the suspected narcotics, the package will then be re-wrapped to match its original condition. If law enforcement is unable to use original

packaging due to damage or cross contamination of narcotics, a new parcel and label may be created to as close as possible match the original parcel. A search, triggered by the delivery of the parcel to a person located within the curtilage of the residence, is expected to lead to evidence, fruits, and instrumentalities of drug trafficking and the identification of individuals who are engaged in the commission of those and related crimes. This affidavit is made in support of a court order authorizing a search of the target address only on the condition of the successful delivery of the parcel described herein. Therefore, I seek authorization to execute a search warrant and seizure warrant at the target address based on probable cause that will exist upon the successful delivery of the parcel to a person as described above.

27. Additionally, there may be an electronic "beeper" device surreptitiously installed inside the package prior to delivery. This device does not track GPS location, but instead transmits audible tones meant to notify law enforcement of package movement and/or when the package is opened.

28. Based upon the above information and with the occurrence of the successful delivery of the parcel, I believe that probable cause exists for a search warrant of the target address of 804 OAK ST, JOHNSON CITY, TN 37601, any people found therein, and any vehicles parked on the property or curtilage:

   a. The subject parcel;

   b. Books, photographs, records, receipts, notes, ledgers and other papers which show the transportation, ordering, purchase, distribution, possession, sale or manufacture of controlled substances;

   c. Address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers, written or typed by hand as opposed to printed commercially;

d. Letters, records, computerized and electronic records, receipts, bank statements and records, money drafts, letters of credit, wire transfers, safe deposit box keys, money order and cashier's check receipts, passbooks, bank checks, and other items that reflect the expenditure, obtaining, secreting, transfer or concealment of drug proceeds;

   e. United States currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, notes and other documents showing an accumulation of assets, wealth, or money to the extent that these items are found in such quantity, substance and/or quality as to permit a reasonable inference that such items are proceeds of drug trafficking;

   f. Controlled substances, material and paraphernalia for manufacturing, packaging, cutting, weighing, and distributing controlled substances, but not limited to scales, baggies, and packing material;

   g. Indicia of occupancy, residency, and/or ownership of the premises described above and other real property, including but not limited to deeds, utility and telephone bills, canceled envelopes, and keys;

   h. The visual image, by way of photography, of all furnishings and equipment in, on, under, attached, or appurtenant to said premises;

   i. Papers, tickets, notes schedules, receipts and other documents relating to travel to and from drug source areas and drug distribution areas;

   j. Any and all other material evidence of violations of 21 U.S.C. §§ 841, 843, and 846, which include attempt and possession with intent to distribute and distribution of controlled substances and importation of a controlled substance from a foreign country.

29. In order to assure compliance with applicable law, I further request that this Court condition the effectiveness of this anticipatory search warrant upon the successful delivery of the subject parcel to the target address, with a successful delivery being defined as receipt of the parcel by a person at the target address, premises, or it's curtilage.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Jedidiah Hutchison
Postal Inspector
United States Postal Inspection Service

Sworn to and subscribed to before me this 18th day of July, 2019,

_____
Hon. Dennis H. Inman
United States Magistrate Judge

## ATTACHMENT A

## DESCRIPTION OF RESIDENCE:

804 OAK ST, JOHNSON CITY, TN 37601, can be described as a yellow in color residence with a brown color roof with the letters "804" seen clearly from road on Oak St as pictured below:



## ATTACHMENT B:

## LIST OF ITEMS AUTHORIZED TO BE SEARCHED-FOR AND SEIZED PURSUANT TO SEARCH WARRANT

1. The above referenced parcel along with contents.

2. Books, photographs, records, receipts, notes, ledgers and other papers which show the transportation, ordering, purchase, distribution, possession, sale or manufacture of controlled substances;

3. Address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers, written or typed by hand as opposed to printed commercially;

4. Letters, records, computerized and electronic records, receipts, bank statements and records, money drafts, letters of credit, wire transfers, safe deposit box keys, money order and cashier's check receipts, passbooks, bank checks, and other items that reflect the expenditure, obtaining, secreting, transfer or concealment of drug proceeds;

5. United States currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, notes and other documents showing an accumulation of assets, wealth, or money to the extent that these items are found in such quantity, substance and/or quality as to permit a reasonable inference that such items are proceeds of drug trafficking;

6. Controlled substances, material and paraphernalia for manufacturing, packaging, cutting, weighing, and distributing controlled substances, but not limited to scales, baggies, and packing material;

7. Indicia of occupancy, residency, and/or ownership of the premises described above and other real property, including but not limited to deeds, utility and telephone bills, canceled envelopes, and keys;

8. The visual image, by way of photography, of all furnishings and equipment in, on, under, attached, or appurtenant to said premises;

9. Papers, tickets, notes schedules, receipts and other documents relating to travel to and from drug source areas and drug distribution areas;

10. Any and all other material evidence of violations of 21 U.S.C. §§ 841, 843, and 846, which include attempt and possession with intent to distribute and distribution of controlled substances and importation of a controlled substance from a foreign country.